OPINION
On August 10, 1998, the defendant, Joseph Rucker, was indicted for aggravated robbery and for aggravated burglary, with both counts carrying a firearm specification. After his subsequent motion to suppress was overruled, the defendant entered a negotiated plea of no contest to the aggravated robbery count of the indictment, but he was found guilty of the charge, and from the judgment and sentence thereupon entered in the trial court, Rucker has filed a notice of appeal to this court.
In this court, the appellant alleges, for his only assignment of error, that the trial court erred as a matter of law by denying his motion to suppress, and in support of the alleged error, Mr. Rucker argues that the out-of-court identification of him by the victim of the crime nearly three hours after the robbery was unduly suggestive.
In this regard, the evidence presented at the hearing of the motion to suppress discloses that on July 24, 1998, at about 3:50 p.m., John Kotsifas was attacked by two young men who entered his home in Springfield, Ohio under the pretext of wanting to make an emergency telephone call. Once inside, one of them pulled a gun and proceeded to rob Mr. Kotsifas at gunpoint. At the scene, Kotsifas described one of the robbers as a black male wearing sneakers and a ball hat and the other as a thin black male wearing sneakers, a ball hat, and plaid shorts. The victim also observed that one of them was taller than the other and carrying a gun.
After further investigation, the police interviewed Roberta Owens, and her daughter, Tara Owens, who lived nearby and were home at the time of the robbery.
Roberta testified that she noticed a Chrysler Lebaron parked in an area where parking was uncommon and that the car, though older, was like an automobile driven by a friend of hers. Roberta also described the vehicle for the police and stated that she had discussed the unusual presence of the car with Tara as she was preparing to leave her residence.
Tara Owens testified that she saw two young men leave the car when it was parked in front of her residence, but that they returned in about ten minutes and drove away. According to Tara, the young men had on caps, and their car trailed blue smoke as it left the scene. She also testified that the boys were wearing shorts and that the automobile was an older maroon Chrysler Lebaron.
Later, while traveling a considerable distance from her home, Roberta Owens saw what she described as "the same car", so she followed it for three blocks, took down its license number, and notified the police. Subsequently, the police came upon a vehicle with occupants who appeared to match the descriptions they had received, and the appellant, Joseph Rucker, and Michael Moore were inside the car.
Thereafter, Kotsifas was brought to the scene, but being described as scared and nervous, he remained in the police cruiser as the two handcuffed suspects were placed about twenty-five feet in front of the car. At that point, Moore and Rucker were asked to walk by the cruiser one at a time, after which Kotsifas identified both of them as the robbers.
As observed in numerous cases and reiterated in many legal textbooks, show-up identification procedures conducted where the suspect is in the custody of the police are inherently suggestive. However, the determination of whether a particular show-up identification procedure, under the existing facts, is unduly suggestive, and therefore constitutionally unfair, depends upon the totality of circumstances. See, Stovall v. Denno (1967),388 U.S. 293, 87 S.Ct. 1967. Hence, the critical issue presented in this appeal is "whether under the `totality of circumstances' the identification was reliable even though the confrontation procedure was suggestive." Manson v. Brathwaite (1977),432 U.S. 98, 106, 97 S.Ct. 2243, 2249, 53 L.Ed.2d 140.
In the case of Neil v. Biggers, the Supreme Court set forth certain factors to be considered in evaluating the reliability of a show-up identification including the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. (1972), 409 U.S. 188, 199, 93 S.Ct. 375, 382,34 L.Ed.2d 401.
In the present case, the robbery took only about three minutes, and during part of such time, Kotsifas had a gun in his face, but his description of some of the physical characteristics, as well as the clothing, of the suspected robbers were substantially accurate. Among other things, Kotsifas noticed the difference in the height and complexion of the robbers, and he was aware that both were wearing caps, shorts, and sneakers. Particularly, he observed that one of them was wearing plaid shorts.
The testimony of Mr. Kotsifas as to his description of the robbers, was corroborated to a considerable extent by the witness, Tara Owens, who stated that she saw two young black men dressed in caps, shorts, and sneakers leave their maroon Chrysler Lebaron and that she saw them again as they hurriedly drove away in the car about ten minutes later. Tara Owens also testified that the taller of the young men was carrying a black object which she thought was a gun. Moreover, Tara stated that the unusual presence of the car and the sudden departure of the young men prompted a discussion of the matter with her mother, Roberta, who had previously noticed the Chrysler Lebaron.
At the hearing of the motion to suppress, the witness, Roberta Owens, was unwavering in her testimony that the car she reported to the police was the same car that was parked earlier in front of her house, and on both occasions, she had a good opportunity and ample time to view the automobile. Moreover, another witness, Patrolman Burnett, testified that it was the unusual color description of the vehicle, "maroon almost purple", rather than its make and model, which caused him to approach the Chrysler Lebaron occupied by Rucker and Moore.
At the hearing, the evidence revealed that the time lapse between the robbery and the confrontation was less than three hours, and Mr. Kotsifas testified that he did not feel pressured or coerced by the police to make a positive identification. In fact, Kotsifas indicated that he would not have been uncomfortable telling the police officers that they had the wrong guys. Furthermore, the witness, Burnett, testified that the police made no statements to the victim expressing any opinion as to whether Rucker and Moore were the perpetrators of the crimes.
At the conclusion of the evidence, and in ruling upon the motion the suppress, the trial court astutely observed and correctly noted that "I think you almost have to go on a case-by-case basis and look at the statements made and the circumstances involved." Here, a thorough and vigorous cross-examination of the State's witnesses by the defense was unable to unravel the closely knit web of circumstances that were woven together between the time of the robbery and the time of the confrontation. And the show-up procedure, as described by the witness, Patrolman Burnett, under such circumstances, did not give rise to a substantial likelihood of irreparable misidentification.United States v. Jones (9th Cir. 1996), 84 F.3d 1206, 1210. See, also, Neil v. Biggers, 409 U.S. at 198, 93 S.Ct. At 381.
Accordingly, the identification evidence was for the jury to weigh, and the alleged error is overruled. The judgment of the Common Pleas Court will be affirmed.
BROGAN, J., and YOUNG, J., concur.
(HON. JOSEPH D. KERNS, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Douglas M. Rastatter
Charles A. Smiley
HON. GERALD F. LORIG